UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVONE SMITH,

    Plaintiff,

v.

                                    Case Nos. 1:23-cv-601

SCOTT WRIGGLESWORTH, et al.,

                                    Hon. Hala Y. Jarbou

    Defendants.
_____/

**OPINION**

Javone P. Smith, a state prisoner in the custody of the Michigan Department of Corrections ("MDOC"), brings this 42 U.S.C. § 1983 action against several defendants alleging violations of his constitutional rights. Specifically, Smith contends that his medical care at the Ingham County Jail ("ICJ") was not adequate under the Eighth and Fourteenth Amendments. Relevant to this matter is one of the defendants, Elizabeth Wilson, who treated Smith for hand injuries. (Compl., ECF No. 1, PageID.4.) Smith filed a motion for entry of default against Wilson for failure to make an appearance. (ECF No. 32.) The Clerk of the Court entered default on April 25, 2024. (ECF No. 36). Before the Court is Wilson's motion to set aside the entry of default. (ECF No. 63.) For the reasons stated herein, the Court will grant the motion and set aside the entry of default.

**I. BACKGROUND**

Wilson treated Smith for hand injuries on two separate occasions: once on June 9, 2021, and then again on September 27, 2021. (Compl., PageID.4.) When Wilson first treated Smith for a hand injury, she was an employee of Cross Country Locums ("CCL") working with the Ingham County Health Department ("ICHD") as an independent contractor. (Confirmation Agreement, ECF No. 64-3, PageID.338.) Her independent contracting period with ICHD was scheduled to

last between May 3, 2021 and October 29, 2021. (*Id.*) When a full-time position with ICHD became available during the summer of 2021, Wilson applied for the job. (Wilson Aff. 2, ECF No. 64-3.) ICHD hired Wilson as a full-time employee for ICHD effective September 7, 2021. (*Id.*) Wilson did not communicate her change in employment status to Captain Robert Earle, an ICJ administrator, as it did not impact her daily responsibilities. (*Id.* at 2-3). Nothing in the record indicates Wilson or ICHD administrators updated the contract to reflect Wilson's change in employment status from September 7, 2021 through October 29, 2021. When Ingham County retained Cohl, Stoker & Toskey (the "Law Firm") to represent their employees in this matter, the documentation listing relevant employees did not include Wilson. (Kamm Aff. 2, ECF No. 64-4.) After reviewing documentation from Captain Earle and Ingham County (including the contracting agreement), the Law Firm did not realize that Wilson was a county employee and failed to make an appearance on her behalf. (*Id.* at 2-3.)

Smith brought claims against multiple defendants, including Wilson. Wilson read Smith's complaint and thought she was a witness because she was not listed as a defendant in the section detailing parties' information (Compl., PageID.2-3) and did not see any requests for damages or substantive claims against her. (Wilson Aff. 4.) Wilson did not make an appearance or file an answer to Smith's complaint. Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court entered default against Wilson.

## II. STANDARD

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause." The Court has discretion to determine whether setting aside an entry of default is appropriate. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 843 (6th Cir. 1983). In exercising discretion, the Court considers "1) [w]hether the plaintiff will be prejudiced; 2) [w]hether the defendant has a meritorious defense; and 3) [w]hether culpable

conduct of the defendant led to the default." *Id.* at 845.  The Court recognizes that "the interests of justice are best served by a trial on the merits." *Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

### III. ANALYSIS

#### A. Prejudice to the Plaintiff

Smith argues that granting Wilson's motion would prejudice his case because "litigating this matter against each defendant is a mountainous task" that "tak[es] an incredible amount of time and resources." (Pl.'s Br. 3, ECF No. 70.)  Smith is right that litigation can be strenuous, but undertaking the typical responsibilities of litigation—which one expects when they name a defendant—does not amount to prejudice. *See INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (explaining that prejudice results from making litigation processes, like discovery, "more difficult").  Prejudice refers to "loss of evidence, . . . *increased* difficulties of discovery, or . . . *greater* opportunity for fraud and collusion." *Id.* (emphasis added) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).  When Smith filed a claim against Wilson, he presumably anticipated engaging in discovery and developing arguments against her. Smith fails to demonstrate how setting aside the entry of default against Wilson will make the tasks of litigation more difficult than they would have been from the onset.  Smith does not cite any loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion, only that he must now litigate the case on the merits.  That hardship is not prejudice.

While setting aside the entry of default may result in delay, "delay alone is not a sufficient basis for establishing prejudice." *Id.* (quoting *Davis*, 713 F.2d at 916).  Further, if delay ensues, it would be to ensure Smith is "entitled to discovery and preparation time." *Id.* (quoting *Davis*, 713 F.2d at 916).  The interests of justice that are best served by litigating on the merits apply to Smith as well.  Setting aside the entry of default does not prejudice Smith.

3

**B. Defendant's Meritorious Defense**

"In determining whether a defaulted defendant has a meritorious defense, likelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co.*, 705 F.2d at 845. A defense is considered meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (quoting *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)).

The only remaining claim in this case is Count II. Smith alleges his medical care was not adequate under the Eighth and Fourteenth Amendments. To succeed, Smith must show that Wilson acted with deliberate indifference.

For deliberate indifference claims, the Sixth Circuit distinguishes between cases where a complaint alleges complete denial of medical care and those where it claims inadequate treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attentions and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *Ruster v. Saginaw Cnty.*, 749 F.3d 437, 448 (6th Cir. 2014). "Neither negligence alone, nor a disagreement over the wisdom or correctness of a medical judgment is sufficient for the purpose of a deliberate indifference claim." *Rhinehart v. Scutt*, 509 F. App'x 510, 513 (6th Cir. 2013).

As a defense, Wilson argues that she provided medical care to Smith, and a disagreement in treatment methods does not amount to a constitutional violation. For the June 9, 2021 appointment, Wilson argues that refusing to send Smith to the hospital for x-rays was the proper treatment given her diagnosis and orders from Ingham County personnel that put restrictions on Smith due to previous escape attempts. (Def.'s Br. 12, ECF No. 64.) For the September 27, 2021

appointment, Wilson argues that she tended to his injuries by evaluating his laceration and investigating possible infection. (*Id.*) In both instances, Wilson claims she gave Smith medication for pain management. (*Id.*) The Court need not evaluate the likelihood of success for her claims at this time. Wilson merely needs a defense that is good at law and provides a possibility that the outcome of the suit would be contrary to the result achieved by the default. For the purposes of determining whether to set aside the entry of default, this argument is meritorious.

### C. Culpability of Defendant

Finally, the Court must evaluate the culpability of Wilson's conduct as it relates to the default. A defendant's conduct is culpable if they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [their] conduct on those proceedings." *INVST Fin. Grp., Inc.*, 815 F.2d at 399 (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). "[W]here the party in default satisfies the first two requirements for relief and moves promptly to set aside the [entry of] default before a judgment is entered," so long as "the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings," the Court "should grant the motion." *Id.* (quoting *Shepard Claims Serv.*, 796 F.2d at 195). Even if a defendant's actions leading to default are "careless and negligent," that conduct does not necessarily make them culpable. *Id.* at 400.

As discussed above, Wilson thought she was a witness in this case. She was, perhaps, careless and negligent when she did not take additional steps after Smith listed her as a defendant on the complaint's cover page, but her affidavit indicates this inaction was due to a plausible misunderstanding rather than an attempt to thwart or recklessly disregard court proceedings. Similarly, while the Law Firm did not realize Wilson was a county employee at the time, once the Law Firm learned Wilson was a county employee, it appeared on her behalf. The Law Firm credits the delay to a misunderstanding from the documents that appeared to classify Wilson as a CCL

employee. These explanations are credible, and they do not exhibit disregard for the judicial proceedings. Smith does not present evidence that indicates otherwise. Wilson was not culpable.

## IV. CONCLUSION

The Court has good cause to set aside the entry of default against Wilson. Smith will not be prejudiced if the Court sets aside the entry of default, Wilson has a meritorious defense, and Wilson was not culpable in her conduct that led to an entry of default. Accordingly, the Court will grant Wilson's motion to aside the entry of default.

The Court will enter an order consistent with this Opinion.


Dated: August 29, 2024                     /s/ Hala Y. Jarbou
                                           HALA Y. JARBOU
                                           CHIEF UNITED STATES DISTRICT JUDGE